# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

THE UNITED STATES OF AMERICA *ex rel.*
RAMON B. CARTER and MICHAEL
STOCKHAM,

        Plaintiffs,

        -vs-                                     No. CIV 98-0196 LH/JHG

MEDICA-RENTS CO. LTD., a Texas Partnership;
RICHARD F. WALSH; ANNA JEAN WALSH;
THE AMY SUZANNE WALSH 1987 TRUST;
THE ELLEN KING WALSH 1987 TRUST; THE
HOLLAND FLEMING WALSH 1987 TRUST; and
MED-RCO, INC., a Texas for profit corporation,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss (Docket No. 29), filed September 11, 2000. The Court, having reviewed the Motion, the memoranda and supplemental briefing of the parties and the United States *amicus curiae*, and the applicable law, having heard oral argument on January 3, 2001, and otherwise being fully advised, finds that the Motion is well taken in part and that this action will be transferred to the United States District Court for the Northern District of Texas.

Relators Ramon B. Carter and Michael Stockham bring this *qui tam* suit under the False Claims Act, 31 U.S.C. §§ 3729-3733 (Supp. 2000), against Medica-Rents Co., Ltd., a Texas partnership; Richard F. Walsh, a limited partner and employee of Medica-Rents and president and

general partner of MED-RCO, Inc.; and MED-RCO, Inc., a Texas for profit corporation and general partner in Medica-Rents.  Defendants Anna Jean Walsh, The Amy Suzanne Walsh 1987 Trust, The Ellen King Walsh 1987 Trust, and The Holland Fleming Walsh 1987 Trust have been dismissed.

Relators filed this suit under seal on February 17, 1998, and amended their complaint, under seal, on March 27, 1998.  On April 28, 2000, the United States filed its notice of election to decline intervention in this case.  On June 5, 2000, the government filed a complaint in the United States District Court for the Northern District of Texas, Fort Worth Division, charging all  Defendants named in this action with unjust enrichment and payment under mistake of fact.  The Amended Complaint for Damages Under the False Claims Act subsequently was served on Defendants on July 3, 2000.

The Relators allege three instances of false claims made by Medica-Rents in relation to its filing for Medicare reimbursement for its ROHO Dry Flotation Mattresses:  1) billing under an incorrect code, E0277, and using an inflated monthly reimbursement rate; 2) using code E0277 and the medical justification of "highly susceptible," knowing that the ROHO mattress had not been approved for patients who were highly susceptible to developing bedsores; and 3) continuing to submit claims for reimbursement under the "Rent to Purchase" program after title to the ROHO mattress had passed to the patient.  Medica-Rents filed these claims with Palmetto Government Benefits Administrators (Palmetto), a regional carrier that acts as the government's agent in processing and paying Medicare reimbursement claims.

Defendants move for dismissal on grounds of lack of subject matter jurisdiction, lack of personal jurisdiction, lack of venue, and failure to plead fraud with particularity.  Alternatively, they

ask that the action be transferred to the federal district court in Fort Worth, Texas, if it is not dismissed.

The Court finds, as the parties agreed at the motion hearing, that for the convenience of the parties and witnesses and in the interest of justice this case should be transferred to the United States District Court for the Northern District of Texas.  *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought.").  Transfer under § 1404(a) is possible, however, "only if venue is proper in the original forum and federal jurisdiction existed there."  15 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3844, at 332 (2d ed. 1986).  At the hearing the parties also agreed that venue is proper in New Mexico and the Court finds that venue is indeed proper.

Thus, the Court will address only whether it has subject matter jurisdiction over this matter.  In making this determination Defendants' Motion will be treated as a motion for summary judgment.  *See, e.g., United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1159-60 (10th Cir. 1999)(because jurisdictional question intertwined with merits and because court relies on affidavits and other evidentiary material submitted by parties, motion to dismiss should be treated as one for summary judgment under Rule 56(c)).  Thus, the Relators must present affidavits or other evidence sufficient to establish the Court's subject matter jurisdiction by a preponderance of the evidence.  *Hafter*, 190 F.3d at 1160, n.5.  Additionally, jurisdiction is

> presumed not to exist absent a showing by the party invoking federal jurisdiction.  Moreover, statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction.  [T]he False Claims Act should not be read in a manner that impermissibly expands federal jurisdiction.

[Relator], thus bears the burden of alleging facts essential to jurisdiction and supporting those facts by competent proof.

*United States ex rel. Fine v. MK-Ferguson Co.*, 99 F.3d 1538, 1543-44 (10th Cir. 1996)(internal quotations and citations omitted).

The False Claims Act bars certain actions:

In no event may a person bring an action under subsection (b) which is based upon allegations or transactions which are the subject of a civil suit or an administrative civil money penalty proceeding in which the Government is *already* a party.

31 U.S.C. § 3730(e)(3) (emphasis added). Defendants maintain that this suit should be dismissed because the government filed its unjust enrichment action against them in Texas on June 5, 2000, and they were not officially served with the Amended Complaint in this action until July 3, 2000. Thus, they maintain that the government "already" was a party to a civil action against Defendants when the *qui tam* suit came to their attention.

The Court will not adopt Defendants' argument that the term "bring an action" in § 3730(e)(3), should be equated with service of a complaint. This position, of course, flies in the face of the plain meaning and usage of the phrase. Relators brought this action by filing their *pro se* complaint on behalf of themselves and the United States, *see* § 3730(b)(1), on February 17, 1998; the government brought its unjust enrichment action against Defendants by filing its complaint on June 5, 2000. Thus, the government was not "already" a party to a civil suit when this suit was filed by the Relators, and the *qui tam* action not barred by 31 U.S.C. § 3730(e)(3).

Defendants also contend that § 3730(3)(4) deprives the Court of subject matter jurisdiction:

**(4)(A)** No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the

4

action is brought by the Attorney General or the person bringing the action is an original source of the information.

    **(B)** For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

31 U.S.C. § 3730(e)(4). The jurisdictional inquiry under this subsection requires the Court to consider four questions:

> (1) whether the alleged "public disclosure" contains allegations or transactions from one of the listed sources; (2) whether the alleged disclosure has been made "public" within the meaning of the False Claims Act; (3) whether the relator's complaint is "based upon" this "public disclosure"; and, if so, (4) whether the relator qualifies as an "original source" under section 3730(e)(4)(B).

*MK-Ferguson Co.*, 99 F.3d at 1544. If the answer to any of the first three questions is "no," the inquiry ends and the *qui tam* action proceeds. *Id.* The fourth question, then, need be addressed only if each of the first three questions is answered "yes," indicating that the complaint is based upon a specified public disclosure. *Id.*

The first inquiry is whether the alleged "public disclosure" contains allegations or transactions from one of the listed sources, the enumerated "sources" being "a criminal, civil, or administrative hearing, in a congressional, *administrative*, or Government Accounting Office report, hearing, audit, or *investigation*, or from the news media." 31 U.S.C. § 3730(e)(4)(A) (emphasis added). Defendants maintain that Palmetto's audit addressing whether use of the E0277 code was proper for the ROHO mattress, as documented in three letters attached as Exs. 1-3 to Richard Walsh's affidavit, requires that this question be answered "yes."

The Health Care Financing Administration apparently required Palmetto to periodically conduct post-pay reviews of Durable Medical Equipment services. Palmetto selected Medica-Rents

5

for review due to several complaints by beneficiaries regarding the code E0277 product description versus the product they used in their homes.  Palmetto's primary purpose in conducting the review seems to have been to clear up confusion on both its part and that of Medica-Rents as to what was the proper billing code for the mattresses.  In its letter dated July 18, 1995, Palmetto concluded that Medica-Rents had correctly billed the ROHO mattresses under code E0277 and directed it to begin doing so again.  Although there remains some room for argument as to whether this mandated "periodic review" qualifies as an "administrative investigation," the Court accepts for purposes of determining this Motion that it does and answers the first question, "yes."

The second question is whether the alleged disclosure has been made "public" within the meaning of the False Claims Act.  As the Tenth Circuit noted in *MK-Ferguson*, "when the form of disclosure at issue is an administrative report, as the letters in this case might be viewed, the question of whether the report has been publicly disclosed is not as clear as the instance when the government holds a public hearing."  99 F.3d at 1544.  Affirmative, actual disclosure, as opposed to potential availability, is required: "public disclosure occurs when the allegations or fraudulent transactions upon which the *qui tam* suit is based are affirmatively disclosed to members of the public who are otherwise strangers to the fraud."  *Id.* at 1544-45.

There is a real dispute whether the disclosure of the Palmetto letters by Mr. Walsh to Relator Carter, who was then working as a consultant for Defendants, qualifies as being made "public." Although the Court is not completely convinced that the alleged disclosure in this instance was made "public," for purposes of resolving this Motion, it also will answer this question in the affirmative.

The third question is whether the Relators' Amended Complaint is "based upon" this "public disclosure."  As set forth in *MK-Ferguson*, "based upon" means "supported by."  99 F.3d at 1545

(quoting *United States ex rel. Precision Co. v. Koch Indus., Inc.*, 971 F.2d 548, 552 (10th Cir. 1992)).   A *qui tam* action that is only "partly based" upon publicly disclosed allegations or transactions, in addition to those suits based "solely" upon public disclosure, can be barred under the Act.  *Id.* at 1545-46 (citing *Precision*, 971 F.2d at 552).  "The test is whether 'substantial identity' exists between the publicly disclosed allegations and *qui tam* complaint."  *Id.* at 1545 (quoting *Precision*, 971 F.2d at 552).  This analysis is a "threshold inquiry 'intended as a quick trigger' to reach the 'original source' analysis."  *Id.* at 1546 (quoting *Precision*, 971 F.2d at 552).

As discussed above, the Palmetto audit addressed whether Medica-Rents should use the E0277 code for the ROHO mattresses.  Palmetto made no general allegations of fraud against Defendants and actually concluded that the E0277 code was appropriate.  Additionally, Palmetto conducted no investigation whatsoever into the elements of fraud at issue here---whether Defendants inflated their billing rates or properly billed for use by patients who were "highly susceptible" to bedsores or who were renting to purchase.  Thus, the Court finds no substantial identity between the Amended Complaint and any public disclosure: Relators' *qui tam* suit is not based upon the December 29, 1994, letter, Medica-Rents's response letter dated January 17, 1995, Palmetto's follow-up letter dated July 18, 1995, or any combination of these documents and/or Defendant Walsh's discussion of them with Relator Carter.  Therefore, the Court answers this question, "no." *Cf. United States ex rel. Downy v. Corning, Inc.*, 118 F. Supp. 2d 1160, 1164-67 (D.N.M. 2000)(J. Black)(summary judgment denied because court does not find necessary "substantial identity" between allegations of relator's complaint and publicly disclosed information, despite fact both involve same general subject matter, and public information does not contain allegations of fraud and material elements of a fraud claim).

Having answered the third question in the negative, it is not necessary to address the final question of whether the Relators qualify as original sources under § 3730(e)(4)(B).  The Court will note, however, as is evidenced in the parties' supplemental submissions, that the Relators did not provide the information forming the basis of this action to the government prior to filing suit and thus they are not original sources.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Docket No. 29), filed September 11, 2000, is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that this case is **TRANSFERRED** to the **UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS**.

_____
**UNITED STATES DISTRICT JUDGE**